IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RANDY R. WHITSON,

      Plaintiff,

v.                                                                       No. 1:20-cv-847 KWR/KRS

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON, et al.,

      Defendants.

### ORDER SETTING SETTLEMENT CONFERENCE AND STATUS CONFERENCE

To facilitate a final disposition of this case, the Court will conduct a mandatory settlement conference in accordance with D.N.M.LR-Civ. 16.2.  **IT IS THEREFORE ORDERED** that:

All parties and their lead trial counsel shall appear for a settlement conference by Zoom on **October 12, 2021** at **9:00 a.m.**  The Court will send out invitations for the Zoom proceedings approximately one week before the settlement conference.  The parties shall also appear for a telephonic status conference on **August 31, 2021 at 9:00 a.m.** to confirm their readiness to participate in the settlement conference.  The parties shall dial **(888) 398-2342** and enter access code **8193818** to join the conference.

At the settlement conference, an insured party or an uninsured corporate party shall appear by a representative with full and final authority to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state).  *See* D.N.M.LR-Civ. 16.2(c).  A party's personal presence increases the efficiency and effectiveness of the process by reducing the time for communication of offers and expanding the ability to explore options for settlement.  A party's

request to be excused must be made in writing seven (7) calendar days before the conference. *See* D.N.M.LR-Civ. 16.2(d).

Experience teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own.  Accordingly, **on or before September 20, 2021**, Plaintiff's counsel shall serve on defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff asserts will establish liability; (b) a brief explanation of why damages or other relief appropriately would be granted at trial; (c) an itemization of any claimed damages, including any special damages—i.e., damages for pecuniary losses, such as past medical expenses, lost wages, or property damages—that states the exact dollar amount Plaintiff is claiming for each category; and (d) a settlement demand.

**On or before September 27, 2021**, defense counsel shall serve on Plaintiff's counsel a letter that sets forth at least the following information: (a) any points in Plaintiff's letter with which the defense agrees; (b) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer. Defendants shall also include any proposed form of release or settlement agreement with Defendants' letter to opposing counsel.

If Defendant disagrees with the amount of special damages Plaintiff has claimed, Defendant's counteroffer must state the dollar amount Defendant believes to be correct for each category rather than expressing general disagreement and dissatisfaction.  For example, if Plaintiff claims $1,000 in past medical expenses, and Defendant believes the correct amount of past medical expenses is $500, Defendant's letter must clearly state that Plaintiff's past medical expenses amount to $500.

If a dispute about special damages exists, counsel shall: (1) meet in person or telephonically before the settlement conference to try to resolve the dispute (an exchange of emails or correspondence is insufficient); and (2) if the dispute cannot be resolved, counsel must bring all documentation supporting their respective positions on special damages to the conference.

Each of these letters typically should be five (5) or fewer pages, and counsel must ensure that each settlement conference participant reads the opposing party's letter before the settlement conference. If settlement authority for Defendant is provided by a committee, Defendant must ensure that the committee reviews Plaintiff's letter before finalizing settlement authority. Those attending the settlement conference and reviewing the letters exchanged must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.

**On or before October 4, 2021**, Plaintiff's counsel shall provide the Court copies of the letters exchanged between the parties. In addition, each party must provide the Court, in confidence, a concise letter (typically no more than seven (7) pages) containing a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case; weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; status of settlement negotiations to date; and the names of the individuals who will be attending the conference and in what capacity. This confidential letter must not be a mere restatement of the letter served on opposing counsel. All matters communicated to the Court in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge. Once the Court reads the letters provided, it may speak with counsel *ex-parte* if the Court needs additional information to assist in facilitating settlement.

Further, if any party has video or audio recording(s) of the incident upon which this action is based, that party must send the Court a copy of the recording(s) **no later than October 4, 2021**. The parties shall submit these letters and other materials to the Court, preferably by e-mail, (sweazeaproposedtext@nmd.uscourts.gov), or, alternatively, by facsimile (575) 528-1695, or by mail, as long as the materials arrive by the above deadline. It is not necessary to send an original if a document is sent by e-mail or facsimile.

At the settlement conference, all of the settlement conference participants will first meet together to discuss procedures for the settlement conference. Counsel will not be required or permitted to give opening statements during the initial meeting with the Court and the other settlement conference participants. Upon the conclusion of the initial meeting, separate, confidential caucuses will be held by the Court with each party and the party's representative. Counsel and parties should be prepared to discuss the factual and legal details of their cases. Attached is an outline for counsel to review with their clients before the settlement conference to make the best use of the time allotted.

**IN SUMMARY:**

| | |
|---|---|
| Telephonic status conference: | **August 31, 2021 at 9:00 a.m.** |
| Plaintiff's letter due to Defendant: | **September 20, 2021** |
| Defendants' letter due to Plaintiff: | **September 27, 2021** |
| Confidential position papers (and any audio/video recordings) due to Court: | **October 4, 2021** |
| Settlement Conference: | **October 12, 2021 at 9:00 a.m.** |

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be more efficient and productive if all parties and counsel are prepared. The following are some areas to consider to aid in the effectiveness of this settlement conference.

A.     FORMAT

       1.     Parties with ultimate settlement authority must be personally present.

       2.     The Court will privately caucus with each side in a typical mediation format. The judge may address your client directly.

       3.     Although the Court will typically meet with both sides in the courtroom together to go over ground rules at the beginning of the conference, **there will be no opening statements or other discussions of the merits of any party's claims or defenses during that initial meeting.**

B.     ISSUES

       1.     What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weakness of each issue? What is your most persuasive argument?

       2.     What remedies are available resulting from this litigation or otherwise?

       3.     Is there any ancillary litigation pending/planned that affects the value of the case?

       4.     Do you have enough information to value the case? If not, how are you going to get more information before the conference?

       5.     Do attorney's fees or other expenses affect settlement? Have you communicated any lack of information to the opposing side?

C.     AUTHORITY

       1.     Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do you need to include a representative of the lien holder? If so, contact the Court immediately.

       2.     Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects the settlement value, have you notified the other side? Do you need to include a representative from more than one insurance company/carrier? If so, notify the Court immediately.

D.   **NEGOTIATIONS**

1. Where have your last discussions ended?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. With what value do you want to end? Why? Have you discussed this valuation with your client? Is it significantly different from values you have placed on this case at other times?

4. Is there confidential information that affects case value? Why should it not be disclosed? How can the other side be persuaded to change values if that party doesn't have this information?

5. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

E.   **CLOSING**

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, and Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

5. If settlement is not reached, please be prepared to discuss settlement again at the Final Pretrial Conference.